23-3227. United States of America v. Kenneth Joseph Owen Thomas, Appellant. Mr. Roots for the Appellant. Mr. Andrews for the Appellant. Good morning, Mr. Roots. Good morning. Thank you, Your Honor. Before we proceed, if you are wearing a hat and it's not a religious headgear, then please remove. All right, please proceed. Thank you, Your Honor. May it please this Honorable Court, I represent Mr. Kenneth Joseph Thomas. He is in federal prison serving almost five years for a case that really should never have been more than a disorderly conduct case. He was convicted of four counts. He was actually charged with five counts of assault under 18 U.S. Code Section 111A and some other charges. There are so many reversible errors in this case that it's almost, I guess, appropriate for me to just talk about the totality of the trial being so lopsided with the court's rulings so favoring the prosecution that it was, essentially, it was a trial in name only. The defense was constantly warned and threatened. In fact, both of us lawyers at this trial were warned by the judge and we were under the impression we were going to be arrested at the end of the trial or held in contempt or submitted to the bar for discipline for if we advocated too zealously, if we crossed a line. And we were warned several times by the judge about this. This totally chilled the atmosphere of our advocacy in that trial. I'll just highlight a few things because there's so many different reversible errors in this case. The denial of a missing witness instruction. So this was a case where Mr. Thomas was convicted of assaulting four officers, two of whom never even showed up to testify. They weren't there. But officers came to testify who were next to them or nearby and those officers provided the evidence for these so-called assaults. We asked for a missing witness instruction so that the, this is an ancient rule of evidence, an ancient rule of evidence that where one side really has control of its witnesses and has, the witnesses would obviously be on one side, and one side is not producing them or important evidence that the jury is free to infer. They don't have to, but they're free to infer that those witnesses probably would have provided some adverse testimony. Now, the judge in this case, Judge Friedrich said, well, you, we, the defense in our case in chief, we're free to call. We don't need missing witness instruction because we could call these witnesses in our case in chief. Now, these are the so-called victims alleged, the victims of Mr. Thomas. Just think of how preposterous this rule would be that the defense has a burden to call his alleged victims in his case in chief, as opposed to being able to point out the government failed to call those witnesses. These are the most important, these are the victims of the crime. The court held basically that- I've seen and I've tried lots of cases where the victim didn't testify, domestic violence cases, all sorts of cases. Never seen or received a missing witness instruction on a single one. Sure. Let's put it this way. We all are familiar with this statute, 18 U.S. Code 111A. It has these six verbs, assaulting, resisting, opposing, I think, impeding, intimidating. It's probably absolutely appropriate for other people, not the victim, to take the stand and testify about an assault, let's say from 100 feet away, a kick, a hit, a strike of some kind, or you say, as you say, a domestic violence case, injuries, that's perfectly appropriate. But in a case where obviously the jury found one of those other verbs, opposing or interfering with, one of those other verbs, and it's clear in this case the jury only found that. There were misdemeanor counts that the jury acquitted on. There was a misdemeanor called committing an act of violence at the U.S. Capitol. The jury totally acquitted. That means the jury understood there was no violence by Mr. Thomas. So it would have been one of those other verbs, opposing, interfering with, whatever. And I think we all would agree that as we travel down those verbs toward the end, we start with assault and it gets to opposing, intimidating, interfering with, the subjective perspective of the victim becomes more important. And in this case, we don't have the victims, and I think the jury should have been allowed to infer, wait a minute, this is very strange. The government is saying that there were these two assault victims. They never showed up. What's going on here? This was, if ever, in this district, in this circuit, the missing witness doctrine is dead right now, and it's an ancient rule of evidence, and it should be revived. And this is the absolute greatest case to revive it in because, frankly, in no other case is it a better teed up issue. The district judge just said, oh, you can call them yourselves. Think of how tactically stupid and foolish it would be for a defense lawyer to call an adverse witness in front of a live jury when you don't know what the witness is going to say. It's just preposterous. If ever there were a case to revive the missing witness doctrine, it is this case. Could I ask you about assault? I'm not necessarily persuaded that all of these counts involved assault, but 111 is not limited to assault. As you say, there are a string of verbs on down to and including interference. So the counts where there's no running towards the officers or hitting the officers, if someone is just dug in, passively resisting, or making contact in a way that doesn't threaten physical injury, 111 covers all of that. Sure, but I think the fact that it's a felony conviction, whereas it really should be misdemeanor disorderly conduct. The felony is triggered by the intent to commit the other offense, and he was convicted of the civil disorder. Yeah, but the judge imposed such a lopsided set of restrictions that Mr. Thomas was essentially compelled to take the stand. He was forced to take the stand because the judge denied the expert witness on use of force for us. Sorry, just hang with me for a second on assault versus interference. Why aren't all these counts comfortably forcible interference? Well, because it is intent to commit the civil disorder offense. Let's put it this way. It is in the context of a civil disobedience. So this is very common, as we all know, in mass. Well, civil disobedience is a recognized First Amendment thing where someone does a sit down or a die in or a sit in and expects that officers are going to come, as they do, they always do, with lots of riot gear and body armor and shields, and that they will be pushed away, pushed out, ultimately probably arrested for misdemeanors. We've all seen this a thousand times. That was Mr. Thomas's defense, was that he was passively resisting. He was committing, if anything, a misdemeanor, expecting probably, hey, a misdemeanor charge. He's sitting in federal prison. But on sufficiency of the evidence, we don't rule whether a jury could have believed or bought or been persuaded by that defense. We review whether there's no reasonable jury that could find, taking all the evidence and the like most favorable to the government, the elements beyond a reasonable doubt. Yes, the most important word in the statute is force. So Mr. Thomas was convicted of this felony charge, force, forcefully intimidating, forcefully opposing, when in fact there's not sufficient evidence for that. Well, he's on videotape yelling, hold the line and locking arms with people and pushing back and forth. That's not force? It is passive resistance in the line of all... A reasonable jury couldn't find that that's force? It certainly was not aggressive force. It was not offensive force. We all know that scene. At the end of the day, this was four o'clock in the afternoon. Basically, the officers had come with sufficient numbers to retake the Capitol grounds, and they were pushing all the protesters out and away to the grounds and out into the city. And Mr. Thomas was there with so many others who were trying to do whatever they could. Did the protesters take the Capitol if the officers had to retake it? Did they take it by force? Mr. Thomas certainly did not. He was not among the initial... He did not breach the Capitol. He came later. I will sit down and reserve my... All right, we'll give you some time on rebuttal. Thank you so much. Mr. Andrews? Good morning, and may it please the court. Peter Andrews on behalf of the United States. Mr. Thomas received a fair trial. His convictions were supported by sufficient evidence, and any sentencing error was harmless. So this court should affirm his convictions and sentence. I'll turn first to the assault issue that you were discussing with Mr. Thomas's counsel. There was sufficient evidence to show that Mr. Thomas committed each of the assaults he was charged with. He used some quantum of force in each of the interactions with the officer, which is enough to satisfy the forcibly requirement of the statute. Mr. Thomas makes the argument in his reply brief that the term forcibly requires violent force. That is not correct. The statute only requires some amount of forceful contact, mirroring the requirements of common law assault and battery. Courts have rejected the argument that 111 requires violence, and the case he relies on, which is United States v. Johnson, is just not on point because Johnson is about interpreting the phrase physical force within the context of the statutory category violent felonies. So the Supreme Court's logic in Johnson follows from the use of the term violent in the statute, and there's no reason to import that same logic here into 111 where violence is not mentioned in the statute. As the videos show, Mr. Thomas in each of the interactions with law enforcement at a minimum made physical contact with them or was acting with the intent to commit another felony, civil disorder, so there was sufficient evidence supporting each of his by Mr. Thomas' counsel. The missing witness instruction is appropriate when there's an inference to be drawn that the government did something wrong by not calling the witness. That inference is not appropriate here. Each of the assaults was captured on video, and the witnesses were within Mr. Thomas' can to call if he believed that they would help elucidate the transaction in his favor. They were known to him. So this is unlike the missing witness cases where, for example, you have a confidential informant who's uniquely within the government's ability to control. There was no reason for the district court to give a missing witness instruction here, and she correctly declined to give one. Does the witness have to be uniquely within the government's control in order for a defense to be entitled to the instruction, and have we ever said that? Yes, so the rule is that the witness has to be peculiarly or uniquely in the government's control, so there has to be some reason why the defendant is unable to identify or call that witness. So this comes up in informant cases and confidential or cases where the government is the only person who knows where to track down a witness so they can be trialed. It doesn't extend to a case where the officer involved in the transaction is absolutely known. He's on the witness list. They know what agency he works for. There's no reason why Mr. Thomas couldn't have called in this case. If there are no further questions from the panel on any of the other issues, we'd ask that this court affirm Mr. Thomas' convictions and sentence. Thank you. Thank you. Mr. Roots, I believe you only had 24 seconds, but we'll give you two minutes. Okay, thank you. The government just stood here and said that a missing witness instruction would have suggested that the government did something wrong. The government did something wrong in this case. It falsely convicted an innocent man of a crime, two crimes, several crimes that he did not commit. That is something wrong, and a jury has a right to be informed of this principle of evidence, which they can reject or accept, that they can draw an adverse inference when a most important material, important witness in a trial is not called by the government. The very victim, the so-called victim of the assaults are not called. And so I just submit they are doing something wrong, and the jury had a right to understand this. And I'll just add that all four officers in which Mr. Thomas was convicted of 111A, all of them barely remembered Mr. Thomas at all. They didn't write any reports saying they'd been assaulted, intimidated, coerced, anything by Mr. Thomas. No written reports, didn't remember. They only remembered once the government showed them videos, oh yeah, there's that guy there. They expressed fear, but it was fear of the crowd, the moment, the riot, essential. And with that, I thank you so much, Your Honors. Thank you. We'll take the case under advisement.
judges: Wilkins; Katsas; Edwards